UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY & ACE PROPERTY AND CASUALTY INSURANCE COMPANY | CIVIL ACTION<br><br>NO. 25-489 |
| VERSUS | SECTION: "D" (3) |
| GRAY INSURANCE COMPANY | |

## ORDER AND REASONS

Before the Court is the Motion for Leave to File Third-Party Demand Against Furmanite America ("Furmanite"), which was filed by Defendant, The Gray Insurance Company ("Gray").[1] Plaintiffs, ACE American Insurance Company and ACE Property and Casualty Insurance Company (collectively, "Chubb") oppose the motion.[2] For the following reasons, the motion is granted.

### I. Background

In October 2015, an explosion at a gas-processing plant in Gibson, Louisiana, caused four deaths and multiple injuries.[3] Transcontinental Gas Pipe Line, LLC (or one of its affiliates) (collectively, "Transco") owned and operated the plant.[4] At the time of the explosion, Furmanite and Danos and Curole Marine Contractors, LLC ("Danos") were performing maintenance work at the plant.[5] Lawsuits ensued against

---

[1] R. Doc. 45.
[2] R. Doc. 46.
[3] R. Doc. 1, ¶ 7.
[4] *Id*.
[5] *Id*. ¶ 8.

1

Transco, Danos, and Furmanite, among others, relative to the deaths, injuries, and property damages that resulted from the explosion.[6] Chubb insured Furmanite as its first-named insured. Chubb covered Transco and Danos as additional insureds.[7] The underlying litigation is over, but insurance and indemnity disputes remain.

The insurance and indemnity obligations among the potentially liable parties are complex and subject to dispute. For present purposes, it suffices to say that Chubb paid certain defense costs and partially funded certain personal injury settlements on behalf of the employers of dead or injured workers and the plant owner or operator.[8] Chubb filed the instant lawsuit seeking to recover certain of its defense and indemnity costs via subrogation and breach-of-contract claims against Gray.[9]

Gray now seeks to maintain a third-party action against Furmanite based on contractual indemnity and insurance claims.[10] Chubb, however, maintains that no such third party claim is available because its lawsuit arises from Gray's failure to defend and indemnify Transco such that Gray's third-party claims against Furmanite "are not derivative and lack substantive merit."[11] Chubb also maintains that preclusion and estoppel bar Gray's third-party demand because the Louisiana First Circuit Court of Appeal has already considered and rejected Gray's theory.[12]

---

[6] *Id.* ¶ 9.
[7] The parties dispute whether Chubb covered Gray as an additional insured.
[8] *Id.*
[9] *Id.* ¶¶ 25–33.
[10] R. Doc. 45-1 at 1–2.
[11] R. Doc. 46 at 5.
[12] *See* R. Doc. 46 (citing *Dupre v. Transcontinental Gas Pipe Line Co.*, 2017 CA 0152 (La. App. 1 Cir. Dec. 21, 2017)); *see also* R. Doc. 36-2 (copy of decision).

## II. Procedural Posture

The deadline set by the District Court for amendments to pleadings expired on May 12, 2025.[13] In October 2025, the law firm of Flanagan Partners LLP moved to enroll as additional counsel of record on behalf of Gray.[14] That same month, Gray moved to continue the trial date and non-lapsed deadlines.[15] The request for a continuance stated that it was to allow counsel sufficient time to become familiar with the case and prepare to litigate certain complicated issues.[16] The motion was granted, and an amended scheduling order issued on December 19, 2025.[17] Given that the amendment deadline had expired in May, this deadline was not continued.

Between October and December 2025, Gray moved forward toward filing its third-party demand against Furmanite. On November 4, 2025, Gray sent a demand letter to Furmanite.[18] On December 9, 2025, Gray notified Plaintiffs of its intent to seek leave to file a third-party demand against Furmanite and inquired whether Plaintiffs opposed the motion.[19] Gray followed up on its inquiry on December 12, 2025, and again on December 17, 2025.[20] On December 19, 2025, Plaintiffs notified

---

[13] R. Doc. 16.
[14] R. Doc. 37.
[15] R. Doc. 38.
[16] *Id*.
[17] R. Doc. 40.
[18] R. Doc. 45-2.
[19] R. Doc. 45-3 at 3.
[20] *Id*. at 1–2.

Gray that they opposed the motion for leave to file third-party demand.[21] Gray filed the instant motion for leave to file third-party demand on December 31, 2025.[22]

## II. Analysis

### A. Rule 16(b)(4)

When, as here, a party's request to file a third-party pleading is beyond the scheduling order deadline, the moving party must establish good cause to extend that deadline under Federal Rule of Civil Procedure 16(b)(4). *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535–36 (5th Cir. 2003). Factors relevant to good cause include: (1) the explanation for the motion's untimeliness; (2) the proposed pleading's importance; (3) prejudice in allowing the pleading; and (4) the availability of a continuance to cure such prejudice. *Jackson v. Gray*, 345 F.R.D. 597, 607 (E.D. La. 2024) (discussing amendment of pleadings and citing *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) and *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)).

These factors weigh in favor of concluding that good cause exists to modify the scheduling order. True, the deadline for amendment of pleadings expired in May 2025. But Gray retained supplemental counsel in October 2025 because of the complexity of the case. Once supplemental counsel enrolled, the potential third-party demand was pursued expeditiously. Gray also suggests that Chubb's positions in the

---

[21] *Id.* at 1.
[22] R. Doc. 45.

4

litigation (including the position[23] that Gray is not an insured) have given rise to its potential third-party demand.[24] Finally, if Gray's position on the merits is correct, Gray's third-party claim is an important potential component of the litigation.

Chubb has not identified a specific risk or concrete prejudice that would outweigh the other factors. The initial continuance of the trial date militates against the potential prejudice. Further, at least on this record, it appears that the parties' disputes as to the merits and viability of Gray's claim are primarily legal such that the third-party demand will not dramatically expand the scope of discovery. Thus, Gray's proposed pleading satisfies Rule 16(b)(4).

### B. Rule 14(a)(1)

Rule 14(a)(1) allows a third-party complaint only when the third-party defendant "is or may be liable to" the principal defendant for all or part of the claim against it.

> The objective of Rule 14 is to avoid the situation that arises when a defendant has been held liable to plaintiff and then finds it necessary to bring a separate action against a third individual who may be liable to defendant for all or part of plaintiff's original claim. When the rights of all three parties center upon a common factual setting, economies of time and expense can be achieved by combining the suits into one action.

§ 1442 Purpose and Construction of Rule 14, 6 Fed. Prac. & Proc. Civ. § 1442 (3d ed.). "In determining whether to allow a third-party complaint, courts consider several factors which include avoiding circuitous actions, promoting judicial efficiency,

---

[23] It is unclear when this position was first taken. *See* R. Doc. 45-1.
[24] R. Doc. 45-1 at 7.

obtaining consistent results, avoiding possible prejudice against other parties, the unreasonableness of the delay, and the lack of substance of the third-party complaint." *Aaron v. Illinois Nat'l Ins. Co.*, No. CV 22-09, 2022 WL 2315802, at *3 (E.D. La. June 27, 2022). Thus, if a third-party claim is within the bounds of Rule 14(a)(1) and does not pose undue prejudice or complication, leave should be granted. *See* 6 Fed. Prac. & Proc. Civ. § 1443 (3d ed.).

The parties dispute whether the proposed third-party demand satisfies the core requirement of Rule 14—i.e., whether Furmanite can be liable to Gray in whole or in part for Chubb's claim against Gray. Gray maintains that Chubb's lawsuit triggers Furmanite's indemnity obligations to Gray based on the language in Section 9 of the Danos-Furmanite Master Services Contract ("MSC").[25]

> As outlined by Gray:
>
> Section 9 of the Danos-Furmanite MSC requires **Furmanite** (as "Contractor") to indemnify members of "Company Group" (which includes Danos and its insurer, **Gray**) for all claims "on account of personal injury, illness, disease or death caused by, arising out of, or in any way incidental to and in connection with the performance of the work" **that are asserted by the Contractor Group, defined to include, among others, any of Furmanite's insurers**, contractors, subcontractors, employees, and agents.[26]

It is undisputed that Chubb is one of Furmanite's insurers. Chubb maintains, however, that Section 9 indemnification arises only when Chubb makes a claim

---

[25] *Id.* at 2–3. Further, Gray argues, Furmanite's contractual obligation to provide Gray with "full insurance protection" under Section 8 of that agreement is broader than the indemnity obligation. *Id.* at 4.
[26] R. Doc. 45-4, ¶ 6 (emphasis supplied).

6

against Gray in Chubb's capacity as Furmanite's insurer. Thus, Chubb maintains, Gray's indemnity claim fails because Chubb brought the instant lawsuit solely in its capacity as Transco's subrogee. Gray reads Section 9 more broadly. Under Gray's reading, Chubb is a member of the "Contractor Group" because it is Furmanite's insurer, but that does not limit the scope of the resulting indemnification obligation to claims made by Chubb in that capacity.

The Court need not adjudicate the merits of Gray's position at this stage. Rule 14 requires only that a third-party defendant "may be liable" on a claim derivative of the first-party demand. The rule does not demand that courts conclusively adjudicate the merits of a third-party claim before allowing it to be filed. Here, Gray's proposed pleading and the arguments in briefing suggest that Furmanite may owe Gray indemnity for Chubb's claims. That plausible claim is enough to satisfy Rule 14. Although framed as an attack on whether there is an adequate connection between the first-party and third-party claims under Rule 14, Chubb's position ultimately reflects a merits-based argument about contract interpretation. Whether Chubb's interpretation prevails is a matter for another day. Allowing the third-party claim to be filed in the first instance will promote judicial efficiency and avoid the potential prejudice that may result if litigation proceeds without Furmanite's participation,

Similarly, the parties' dispute as to the effect the *Dupre* case does not bar Gray from pleading its third-party claim. Chubb may re-urge its position once the pleading is operative, at which point "the procedural safeguards are surer" than they are at this stage. *See Medarc, LLC v. Aetna Health Inc.*, No. 3:20-CV-3646-N-BH, 2022 WL

743520, at *2 (N.D. Tex. Mar. 11, 2022) (discussing amendment and quoting *Smallwood v. Bank of Am.*, No. 3:11-CV-1283-D, 2011 WL 4941044, at *1 (N.D. Tex. Oct. 17, 2011)). No undue prejudice or complication will result from allowing the pleading and delaying a full adjudication of that pleading's merits.

Accordingly,

**IT IS ORDERED** that the motion for leave (R. Doc. 45) is **GRANTED** and that the proposed pleading (R. Doc. 45-4) be filed in the record.

New Orleans, Louisiana, this 21st day of January, 2026.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE